LMH

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anant Kumar Tripati,

Plaintiff,

vs.

Charlette Thompson, et al.,

Defendants.

No. CV 03-1122-PHX-DGC (DKD)

**ORDER**

The Court dismissed this state prisoner's civil racketeering action, and the Ninth Circuit refused to permit Plaintiff's appeal to proceed under a pre-filing order (Doc. #92, #102). Presently pending are Defendants' Motion for Attorney Fees and Non-Taxable Expenses (Doc. ##99-100) and Plaintiff's Rule 60(b) Motion to Vacate (Doc. #109). The parties have responded and replied (Doc. ##109-112). The Court will deny the motions.

**I. Attorney's Fees**

In their motion for attorney's fees, Defendants request a total of $49,002 ($31,302 in attorney's fees and $17,700 of paralegal time). Their fees are calculated under the hybrid lodestar/multiplier approach. They contend that although there is no statutory authority for an award of attorney's fees in a civil racketeering suit, the Court may under its inherent powers make an award after finding that the Plaintiff acted in bad faith, vexatiously, wantonly or for oppressive reasons.

Plaintiff responds with a variety of arguments. He claims forgery related to his property (Doc. #109). He submits articles gleaned from websites. These articles are examples of how the Internet can be manipulated to create self-serving documents; they do not support his response. Plaintiff claims that the Attorney General's Officeharbors animosity towards him, a claim that not only is unproven, but even if true, would be immaterial on whether attorney's fees are appropriate. Plaintiff's challenge to the case law cited by Defendants is not entirely comprehensible. Plaintiff attempts to distinguish the case law on reasons that do not provide a basis for distinction, e.g., that the cited case was not a prisoner screening case and thus involved the "adversarial process at work." A glance at the record in this action shows that this was not an ordinary screening case, and there was some "adversarial process at work."

The Court concludes, however, that attorney's fees should not be awarded in this case. Under the "American Rule," attorney's fees are not awarded to prevailing parties absent explicit statutory authority. Buckhannon Bd and Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 602 (2001). Congress has authorized awards to prevailing parties in numerous statutes, such as the Civil Rights Act of 1964, the Voting Rights Act Amendments of 1975, and the Civil Rights Attorney's Fees Awards Act of 1976. Id. Defendants admit, however, that there is no statutory authority for an award of attorney's fees for Plaintiff's civil racketeering action.

Instead, Defendants rely on the inherent powers of the court. They cite Chambers v. NASCO, 501 U.S. 32, 46-47 (1991), for the proposition that a court may assess fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons (Mem. in Sup. at 3-4, Doc. #100). The Chambers decision, however, treated the award of attorney's fees as a sanction for the losing party's abuse of the process rather than as an award to the prevailing party. Id. at 44-45. Defendants have also cited an analogous Ninth Circuit decision which found that this type of award would be "punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 756 (9th Cir. 1986). Although Defendants allude

to seeking a sanction (see Mot. at 6), that is not the thrust of their motion. Rather, their motion is expressly brought under Rule 54 of the Federal Rules of Civil Procedure, which does not permit attorney's fees as a sanction. See Fed. R. Civ. P. 54(d)(2)(E); LR Civ 54.2(a).

Defendants also allude to 42 U.S.C. § 1988 as a basis for attorney's fees. Although Plaintiff's action contained some claims that were of a civil rights nature, his action was brought under the civil racketeering act. Moreover, under § 1988, the district court retains discretion to deny or reduce an award of attorney's fees notwithstanding a finding of frivolousness, after considering all the nuances of a case. Thomas v. City of Tacoma, 410 F.3d 644, 647 (9th Cir. 2005). The nuances in this case do not persuade the Court that an award of attorney's fees is appropriate. Normally, defendants are not brought into an action that does not survive screening. This case, however, was removed by Defendants from state court and was then dismissed during screening. Defendants have not cited any precedent in which an award of attorney's fees was made after a prisoner action was dismissed upon screening, and this Court is not aware of any such precedent.

**II. Motion to Vacate**

Plaintiff moves to vacate the judgment under "Rule 60(B)(1)(3)(b)" (Doc. #109 at 19). It is unclear what he means by this reference as there is no such subsection to Rule 60 of the Federal Rules of Civil Procedure. Rather, Rule 60(b) provides:

> On motion and upon such terms as are just, the Court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence; (3) fraud or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied or discharged judgment, or a prior judgment that has been reversed or is no longer equitable to enforce prospectively; or (6) any other reason justifying relief from the operation of the judgment.

Regardless, Plaintiff's motion fails to satisfy these standards.

Plaintiff's motion is combined with his response to the request for attorney's fees and thus not easy to follow. One of the grounds for his motion is a claim that the Court did not "conduct any review but instead took what was said – and rubber-stamped the State – to save

them embarrassment" (Doc. #109 at 10). Besides being untrue – the Court conducted an extensive review of this case – the statement provides no basis for relief under Rule 60.

Plaintiff also contends that because the Court screened the Second Amended Complaint, the Court should have denied Defendants' Motion to Dismiss as moot (Doc. #109 at 12). The Court did deny the Motion to Dismiss as moot (Doc. #92). Further, this contention provides no basis for relief. The Court will therefore deny Plaintiff's Motion to Vacate.

**IT IS ORDERED:**

(1) Defendants' Motion for Attorney's Fees and Non-Taxable Expense (Doc. #99) is **denied**.

(2) Plaintiff's "Rule 60(b) Motion to Vacate" (Doc. #109) is **denied**.

DATED this 11th day of September, 2006.

David G. Campbell
United States District Judge